# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN PHETTEPLACE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-5489** |
| **415 RUE DAUPHINE, LLC ET AL.** | **SECTION "L" (2)** |

## ORDER & REASONS

In this Order & Reasons, the Court considers *sua sponte* the applicable standard of care owed by an innkeeper to his guests. Having reviewed the considerable body of Louisiana law available to it, the Court rules as follows.

## I. BACKGROUND

This case arises from injuries Plaintiff Kevin Phetteplace allegedly sustained while staying as a guest at the Dauphine Orleans Hotel, a hotel owned, operated, insured, or maintained by Defendants. R. Doc. 1 at 2–4. Plaintiff, a resident of California, alleges that on April 6, 2017, he was staying with his sister as a guest in Room 310 of the Dauphine Orleans Hotel in New Orleans, Louisiana, to attend a pre-wedding party for another sister. R. Doc. 1 at 3. Plaintiff asserts that on this evening he visited Pat O'Brien's bar where he and other individuals associated with the party consumed alcoholic beverages. R. Doc. 1 at 3. Plaintiff contends he returned to his hotel room at approximately 1:00 a.m. but was never intoxicated to the point of functional impairment. R. Doc. 1 at 4. At approximately 4:00 a.m., Plaintiff contends he arose, opened the door to what he believed was the bathroom, and fell over a railing, plummeting to the ground below. *Id.* Plaintiff alleges he was taken back to his room by hotel staff whereupon his sister took him to Tulane Medical Center for treatment. R. Doc. 1 at 4-5. As a result of his fall, Plaintiff alleges he sustained serious physical

1

injuries, including shattering his wrist and breaking his foot. *Id.* Plaintiff returned to California following the incident in serious pain, where he underwent extensive wrist surgery. R. Doc. 1 at 5.

Plaintiff alleges his fall and resulting injuries were caused by Defendants' negligence and failure to maintain the premises in a safe and habitable condition, including the absence of proper notices, warnings, and lighting, failure to have proper and sufficient locks securing the door, and inappropriate design and maintenance of the door, window, and railing area from which he fell. R. Doc. 1 at 5. Plaintiff claims he is entitled to damages for permanent physical and emotional damage, pain, suffering, impairment of enjoyment of life, disability, loss of earnings, and diminishment of earning capacity. R. Doc. 1 at 6. Additionally, Plaintiff believes he is entitled to funds for the reimbursement of his travel to and from California to New Orleans. R. Doc. 1 at 6.

Defendants answer arguing Plaintiff has failed to state a cause of action upon which relief can be granted. R. Doc. 11 at 1. Defendants deny any negligence on their part and assert numerous defenses, including asserting Plaintiff's own negligence caused his injuries, Plaintiff's damages were more severe because he failed to mitigate his damages, and that Plaintiff's injuries were caused by pre-existing or subsequent accidents. R. Doc. 6 at 5–6.

## II. LAW & ANALYSIS

A pivotal issue in this case is the applicable standard of care owed by a hotel or innkeeper to its guests. Plaintiff contends that, in this case, the appropriate standard is a "high degree of care and protection." Defendant takes a different view, arguing the appropriate standard is ordinary care under the same or similar circumstances. The issue presented here is one unsettled by the Louisiana courts. Therefore, this Court must make an *Erie* guess.

### a. *Erie* Standard

In diversity cases, such as the present case, federal courts must apply state substantive law. *Ashland Chem. Inc. v. Barco Inc.*, 123 F.3d 261, 265 (5th Cir. 1997) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). In this case, Louisiana law applies. Where, as here, there is no code provision or Louisiana Supreme Court case directly on point, the court must make an "*Erie* guess." *Vanderbrook v. Unitrin Preferred Ins. Co.*, 495 F.3d 191, 206 (5th Cir. 2007). In making an *Erie* guess, the court must not "alter existing law or to change direction." *Jackson v. Johns–Manville Sales Corp.*, 781 F.2d 394, 397 (5th Cir. 1986) (en banc) (overruled, in part, on other grounds). Rather, when making an *Erie* guess, the court must determine, in its best judgment:

> how [the Louisiana Supreme C]ourt would resolve the issue if presented with the same case. In making an *Erie* guess, [the court] must employ Louisiana's civilian methodology, whereby [it] first examine[s] primary sources of law: the constitution, codes, and statutes. Jurisprudence, even when it rises to the level of *jurisprudence constante*, is a secondary law source in Louisiana. Thus, although [the court] will not disregard the decisions of Louisiana's intermediate courts unless [it is] convinced that the Louisiana Supreme Court would decide otherwise, [it is] not strictly bound by them.

*Vanderbrook*, 495 F.3d at 206 (citations and quotation marks omitted).

### a. Standard of Care

In this case, the Louisiana Supreme Court case that most closely addresses the standard of care an innkeeper owes to its guests is *Kraaz v. La Quinta Motor Inns, Inc.*, 410 So. 2d 1048 (La. 1982). In *Kraaz*, the Louisiana Supreme Court considered the "delictual liability of an innkeeper for an employee's negligence which is a substantial factor in the armed robbery of a guest." *Id.* at 1049. While the facts of *Kraaz* differ from the case at bar, it is instructive, as the Louisiana Supreme Court held in *Kraaz* that an innkeeper owes its patrons "a high degree of care and protection." *Id.* at 1053; *see also Banks v. Hyatt Corp.*, 722 F.2d 214, 220 (5th Cir. 1984)

(interpreting *Kraaz* as holding that "innkeepers owe their guests a duty of care higher than ordinary or reasonable care.").

Since the court ruled in *Kraaz*, however, the lower courts have been inconsistent in its application. For example, some Louisiana courts have held that the heightened standard of care articulated in *Kraaz* is limited to an innkeeper's duty to ensure a guest's safety from criminal or intentionally tortious activity. *See, e.g.*, *Jones v. Hyatt Corp. of De.*, 94-2194 (La. App. 4 Cir. 7/26/95), 681 So. 2d 381, 390 ("The line of cases that impose a 'high degree' of care on hotels and innkeepers do not involve negligent 'slip and fall' cases but involve criminal or intentional tortious behavior." (citing *Kraaz*, 410 So. 2d 1048; *Banks*, 722 F.2d 214). Others have not found such a limitation, concluding that an innkeeper owes a heightened duty of care to its patrons in any case. *See, e.g.*, *Gray v. Holiday Inns, Inc.*, 1999-2292 (La. App. 1 Cir. 6/23/00), 762 So. 2d 1172, 1175 ("An innkeeper owes its guests a high degree of care and protection. A basic element of this duty is to maintain the premises in a reasonably safe condition." (citations omitted)). Finally, some Louisiana courts have described an innkeeper's duty to exercise reasonable care in ensuring the physical safety of his or her guests as the minimum level of care required. *See, e.g.*, *Johnson v. Super 8 Lodge-Shreveport*, 47,081 (La. App. 2 Cir. 4/25/2012), 92 So.3d 519, 522 ("Although the keepers of inns, lodging houses, or restaurants are not the insurers of the safety of their guests, they are under an obligation to exercise, *at least*, ordinary or reasonable care to keep them from injury." (emphasis added)).

Given this inconsistency, and because there is no constitutional, civil code, or statutory provision directly on point, the Court must carefully analyze the relevant cases in an effort to make an informed *Erie* guess. The Court begins its analysis by examining the basis of the Louisiana Supreme Court's ruling in *Kraaz*. *See Vanderbrook*, 495 F.3d at 206.

4

In *Kraaz*, the Louisiana Supreme Court concluded an innkeeper's duty to its patrons differed from that of a business invitee, stating instead that "[t]he innkeeper's position vis-à-vis his guests is similar to that of a common carrier toward its passengers. Thus, a guest is entitled to a high degree of care and protection." 410 So. 2d at 1053 (citation omitted). Although some lower Louisiana courts have interpreted the holding in *Kraaz* as being limited to situations involving criminal activity, in coming to its conclusion that innkeepers owe a heightened duty of care to its patrons, the *Kraaz* court cited to *Galland v. New Orleans Public Service, Inc.*, 377 So. 2d 84 (La. 1979), and *Green v. TACA*, 304 So. 2d 357 (La. 1974), neither of which involved criminal activity.

For example, in *Galland* the Louisiana Supreme Court imposed a heightened standard and burden on the common carrier, stating "It is well established that common carriers are charged with the highest degree of care to their passengers and that the slightest negligence causing injury to a passenger will result in liability." 377 So. 2d at 85. Similarly, in *Green* the Louisiana Supreme Court described the duty owed by a common carrier in Louisiana to its passengers as "stringent, whether it be termed 'the highest standard of care,' 'highest degree of vigilance, care and precaution for the safety of those it undertakes to transport,' or 'the strictest diligence.'" 304 So. 2d at 359. It is clear that the foundational principle for the Louisiana Supreme Court's ruling in *Kraaz* is that the duty owed by an innkeeper to its guests is similar to that owed by a common carrier to its passengers and that common carriers undisputedly owe a heightened duty of care to their passengers, regardless of whether the harm results from a criminal act or negligence on the part of the common carrier.

Based on the fact that the Louisiana Supreme Court concluded innkeepers were more akin to common carriers than to business owners and because the cases to which the Supreme

Court cited in support of its holding *Kraaz* did not involve criminal activity, the Court makes an *Erie* guess that the Louisiana Supreme Court would not make a distinction between the standard of care owed by an innkeeper to his patrons to protect them against criminal activity and ensuring the premises is maintained in a reasonably safe condition. *See Kraaz*, 410 So. 2d at 1053 ("[A] guest is entitled to a high degree of care *and* protection." (emphasis added)). This conclusion is also supported by holdings by the Louisiana First and Fifth Circuit Courts of Appeal. *See Lorio*, 454 So. 2d at 866 (noting in a slip and fall case that "while an innkeeper does not insure his guests against the risk of injury, he nonetheless owes his guest a high degree of care"); *Gray*, 762 So. 2d at 1175 (stating in a slip and fall case that "[a]n An innkeeper owes its guests a high degree of care and protection. A basic element of this duty is to maintain the premises in a reasonably safe condition." (citations omitted)).

During a status conference with the Court, Defendants pointed to the Louisiana Fourth Circuit Court of Appeal's holding in *Jones v. Hyatt Corporation Delaware* in support of their position that the duty they owed to Plaintiff in this case was only that of ordinary care under the circumstances and not a heightened degree of care. In *Jones*, in addition to making a distinction between criminal conduct and ordinary negligence, Louisiana's Fourth Circuit distinguished between the standard of care applicable to innkeepers with respect to public versus private areas within a hotel. 681 So. 2d 381. In that case, the court held "reasonable and ordinary care is the proper standard by which to judge the duty of a hotel to prevent a slip and fall in the *public area* of the building." 681 So. 2d at 390. (emphasis added). The Fourth Circuit, apparently rejecting the Louisiana Supreme Court's comparison of innkeepers to common carriers distinguished its holding from *Kraaz*, explaining:

> Although there are certain circumstances in which the operation of inns and hotels are held to a high standard of care in the protection of their guests, innkeepers and

6

> hotel operators are not common carriers and, accordingly, owe to their guests and invitees only reasonable care in protecting them from slipping and falling in the "public" areas of the building.

*Id.* With this holding, Judge Landrieu writing for the majority on rehearing emphasized the distinction between public and private areas of a hotel, seemingly concerned with the hotel's liability exposure to persons who were not hotel guests. Judge Waltzer emphasized this principle in her dissent, explicitly making a distinction not between public and private areas of a hotel, but rather distinguishing between "room tenant[s] or . . . guests attending a function held on the premises of the [h]otel," from those who enter the hotel not as a guest or patron, but for example, simply to use the facilities. *Id.* at 395 (Waltzer, J., dissenting). Judge Byrnes also dissented from the majority, concluding the original panel, which held an innkeeper owes to its guest "a high degree of care and protection" even against a slip and fall, *id.* at 386, "applied the correct law." *Id.* at 395.

The Court finds the distinction drawn by Judge Waltzer borne out in the Supreme Court's holding in *Kraaz*. The cases the court cited in *Kraaz* also make the distinction between paying customers and those who had not paid a fare. *See Galland*, 377 So. 2d at 85 ("Further, where there is proof of injury to a *fare-paying passenger*, the burden shifts to the defendant carrier to show that he is free from negligence." (citing *Wise v. Prescott*, 151 So. 2d 356 (1963); *Gross v. Teche Lines*, 21 So. 2d 378 (1945)). This distinction is with good reason. The higher standard "is no doubt rooted in the belief that business patrons of innkeepers, like those of common carriers and unlike those of other businesses, have entrusted their personal security to the innkeeper." *Brown v. Harlan*, 468 So. 2d 723, 727 (La. App. 5 Cir. 1985); *see also Lorio v. The San Antonio Inn*, 454 So. 2d 864 (La. App. 5 Cir. 1984) (applying the "heightened standard of care" to a slip and fall case); *Gray*, 762 So. 2d at 1175 (same). The same cannot be said for those persons

7

simply passing through.

Although not strictly bound by it, the Court will not disregard the Fourth Circuit's conclusions in *Jones*. *See Vanderbrook*, 495 F.3d at 206. Given, however, that Judge Landrieu took pains to underscore that the scope of the court's holding was limited to public areas of the hotel, and in this case, Plaintiff, undisputedly a guest at the hotel, alleges his accident took place as a result of the hotel's negligence in maintaining his hotel room in a reasonably safe condition, the Court's finding that, here, Defendants owed Plaintiff a heightened standard of care is not at odds with the Fourth Circuit's holding in *Jones*. *See Jones*, 681 So. 2d at 390 ("[I]nnkeepers and hotel operators . . . owe to their guests and invitees only reasonable care in protecting them from slipping and falling in the "public" areas of the building."); *see also id.* at 395 (describing the majority's holding as finding that the "high degree of care" duty applied only to room tenants) (Waltzer, J., dissenting).

## III. CONCLUSION

For the above stated reasons, the Court concludes that, under Louisiana law, an innkeeper owes its patrons a heightened duty of care while in their hotel rooms. Accordingly, in this case, the applicable standard of care Defendants owed Plaintiff was a heightened one.

New Orleans, Louisiana, this 9th day of April, 2019.

_____
UNITED STATES DISTRICT JUDGE