## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEVIN PHETTEPLACE | Civil Action |
| versus | No. 17-5489 |
| 415 RUE DAUPHINE LLC, ET AL | Section "L" (2) |

## JURY INSTRUCTIONS

### I.    General Instructions

You have now heard all the evidence in this case as well as the final argument.

It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in this case.

In any jury trial, there are, in effect, two judges. I am one of the judges; the other is you the jury. It is my duty to preside over the trial and to determine what testimony and other evidence is admissible under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case.

You, as jurors, are the judges of the facts. But in determining what actually happened in this case—that is, in reaching your decision as to the facts—it is your sworn duty to follow the law I am now in the process of defining for you and you must follow my instructions as a whole. You have no right to disregard or give

special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. That is, you must not substitute or follow your own notion or opinion as to what the law is or ought to be. These charges include the totality of the law applicable to this case. It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token, it is also your duty to base your verdict solely upon the testimony and other evidence in the case without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons and corporations or public entities stand equal before the law and are to be dealt with as equals in the court of justice.

As I stated earlier, it is your duty to determine the facts, and in so doing, you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted into the record.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and

in so doing to call your attention to certain facts or inferences that they are particularly concerned that you recall. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in this case. What the lawyers say is not binding upon you.

Also, during the course of trial, I have occasionally made comments to the lawyers, or asked a question of a witness, or admonished a witness concerning the manner in which he should respond to the questions of counsel. Do not assume from anything I may have said that I have any opinion concerning any of the facts in this case. In arriving at your own findings as to the facts, you should disregard anything I may have said during the trial, except for my instructions to you on the law.

The law of the United States permits the judge to comment on evidence presented during a case. I do not believe that I have made any comments on the evidence in this case. If you could possibly construe any remarks which I have made during the course of this trial, however, as a comment on the evidence, then I instruct you that any such comment on my part is only an expression of my opinion as to the facts, and you, the jury, may disregard such comment or comments entirely since you, as jurors, are the sole judges of the facts in this case.

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and the exhibits as you feel

are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in this case.

You may consider either direct or circumstantial evidence. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating a fact to be proved. The law makes no distinction between the weight to be given to either direct or circumstantial evidence.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true or that a person would have given certain testimony. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

The burden of proof is on the plaintiff in a civil action, such as this one, to prove every essential element of their claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In

other words, to establish a claim by a "preponderance of the evidence" means to prove that the claim is more likely so than not so. If the plaintiff should fail to prove any of their claims by a preponderance of the evidence, you, the jury, must find for the Defendants on that claim.

In determining whether any fact has been proved by a "preponderance of the evidence" in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish any essential element of the Plaintiff's claim by a preponderance of the evidence, you, the jury, should find for the Defendants. The plaintiff need not produce every possible witness, and they need not prove their claim beyond a reasonable doubt, as is necessary in a criminal prosecution. But speculation or mere possibility and even unsupported probability is not sufficient to support a judgment in their favor.

In deciding this case, you are expected to use your good sense. Give the evidence and the testimony of the witnesses a reasonable and fair interpretation in the light of your knowledge of the natural tendencies of human beings.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

In weighing the testimony and in determining the credibility of any witness, you may consider the conduct of the witness, his or her bearing on the witness stand, his or her personal feelings as demonstrated by his or her testimony and his or her actions, any interest he or she may have in the outcome of the case, any prejudice or bias he or she may have shown, and any partiality he or she may have demonstrated.

If a witness is shown to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony on other matters and you may distrust all of the testimony of that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under

oath, in the form of a deposition. Sometime before this trial, attorneys representing the parties in this case questioned several witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been shown to you.  This deposition testimony is entitled to the same consideration, is to be judged by you as to credibility, and weighed and otherwise considered by you in the same way, as if the witness had been present and had testified from the witness stand in court.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field may be called as an expert witness and is permitted to state his opinion on those technical matters. Such witnesses have testified in this case. You are not, however, required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the facts the expert relied upon are incorrect, that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from

evidence that the expert witness has economic, philosophical, or any other interest in the outcome of the case.

During the course of trial, you will have heard objections to evidence. Sometimes these have been argued out of the hearing of the jury.

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not draw any inference against or show any prejudice against a lawyer or his client because of the making of an objection.

Upon allowing testimony or other evidence to be introduced over the objections of an attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence. As stated before, you, the jury, are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addressed to a witness, the jury must disregard the question entirely and may draw no inference from the wording of it or speculate as to what the witness would have said if permitted to answer the question. When the Court has stricken a witness from the record, the jury must disregard the testimony of the witness entirely and may draw no inference from any testimony given by that witness.

During the course of trial, I have occasionally asked a question of a witness in order to bring out facts not then fully covered in the testimony. Do not assume that I hold any opinion on the facts to which my question or questions may have related. Remember at all times, you, as jurors, are the sole judges of the facts.

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

## II.    Specific Instructions

Let me now discuss the law specifically applicable to this case.

As you know, this case involves a dispute between the Plaintiff Kevin Phetteplace and the Defendants 415 Rue Dauphine, LLC, Generation Holdings, LLC, Interstate Management Company, LLC, and Liberty Mutual Insurance Company. The parties have stipulated that the acts of any Defendant are the acts of all Defendants in this case. The Plaintiff has filed suit against the Defendants to recover damages he alleges he sustained as a result of an accident on April 7, 2017 at the Dauphine Orleans Hotel. Plaintiff Kevin Phetteplace alleges he fell over the railing of his hotel room's Juliet balcony, causing him to sustain injuries to his heel, wrist, and neck. Plaintiff claims the fall was due to the negligence of

Defendants in failing to properly seal his hotel room door, have appropriate locks on the door, or have a proper railing. Defendants have denied liability. Defendants allege any injuries sustained by the Plaintiff were the result of Plaintiff Kevin Phetteplace's own negligence or as a result of other incidents or disabilities.

Let me now discuss the law applicable to this case.

### A.    Premises Liability

In order to prevail on their claim of negligence, the Plaintiff must prove by a preponderance of the evidence:

(1) that Defendants were negligent; and

(2) that such negligence was a legal cause of the damages Plaintiff has sustained.

Negligence is the failure to use reasonable care. A hotel does not insure its guests against the risk of injury. However, a hotel owes its guests a high degree of care and protection when they are in their hotel rooms. A basic element of this duty is to maintain the premises in a reasonably safe condition. To prove that Defendants breached this duty and were thereby negligent under this provision, the Plaintiff must show

(1) that the condition at issue presented an unreasonable risk of harm and that the risk of harm was reasonably foreseeable;

(2) that Defendants either created or had actual or constructive knowledge of the condition which caused the damage prior to the occurrence; and

10

(3) that Defendants failed to exercise reasonable care to prevent or remedy this condition.

The mere fact that a thing in Defendants' custody caused plaintiff's damages does not make Defendants liable. Plaintiff must prove the condition that caused his damages presented an unreasonable risk of harm. In determining whether the condition that caused the Plaintiff's injuries presented an unreasonable risk of harm, you should consider the purpose which the thing or structure served, its utility and effectiveness for that purpose, the likelihood that the absence of the thing or structure would cause harm, the severity of the harm that it was likely to cause, the cost of preventing the harm, and the social utility of defendant's ownership and maintenance of the thing in the condition in which it was when the damage occurred.

You have heard me use the term "constructive knowledge." This term means that the condition existed for such a period of time that it would have been discovered if the hotel had exercised reasonable care.

You have also heard me use the term "reasonable care." Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. The failure to exercise reasonable care may consist of either doing something that a reasonably careful person would not do under like circumstances

or failing to do something that a reasonable careful person would do under like circumstances.

Defendants have stipulated that by having the balcony railing at a height of less than 42 inches, they violated the applicable statutes and safety codes. While the violation of a statute or ordinance constitutes negligence, to be held legally liable to the Plaintiff for that negligence, the Defendants' negligence must be both a cause-in-fact of the injury and a legal cause of the harm incurred.

To satisfy the cause-in-fact requirement based on a safety code violation, the jurors must determine that the accident would not have happened had it not been for the Defendants' code violation. For a code violation to be a legal cause of the harm, there must be a "substantial" relationship between the code violation and the Plaintiff's injuries. A code violation is a "legal cause" of the Plaintiff's injuries if the Defendants' code violations played a substantial part in bringing about or actually causing the Plaintiff's injuries and that his injuries were a reasonably foreseeable consequence of the Defendants' code violations.

If a preponderance of the evidence does not support each element of Plaintiff's cause of action, specifically, if the Plaintiff does not prove the Defendants owed him a duty, that the Defendants breached that duty, that the breach of that duty caused the Plaintiff's damages, and that the Plaintiff sustained actual damages, then your verdict should be for the Defendants. If, however, a

preponderance of the evidence does support all of the elements of the Plaintiff's cause of action, your verdict should be for the Plaintiff.

The Defendants contend they are not liable at all in this case. They contend the Plaintiff himself was negligent because he was intoxicated at the time of the accident, the lack of usable balcony was open and obvious, and the Plaintiff failed to use reasonable means to avoid it. The Defendants also allege that such negligence was the legal cause of his own injuries. This is a defensive claim and the burden of proving that claim is upon the Defendants. They must establish by a preponderance of the evidence:

(1) that the Plaintiff was negligent; and

(2) that such negligence was the legal cause of the damages Plaintiff has sustained.

Again, negligence is the failure to exercise that degree of care which a reasonably careful person would use under like circumstances. And negligence is a "legal cause" of damage if the Defendants show that the Plaintiff's conduct played a substantial part in bringing about or actually causing their injuries and that their injuries were reasonably foreseeable consequences of their conduct.

If you find the Plaintiff was negligent and that the Plaintiff's negligence was the sole cause of his alleged injuries, he is not entitled to recover any monetary damages, and your verdict should be for the Defendants. If you find the Defendants

negligent and that the Defendants' negligence was the sole cause of Plaintiff's alleged injuries, he is entitled to recover all monetary damages sustained as a result of the accident. If, however, you find both the Plaintiff and Defendants were negligent and that the Plaintiff's negligence was a contributing cause of the Plaintiff's losses, then the Plaintiff's recovery must be reduced by the percentage of his negligence. In other words, if you find the Defendants' allegedly wrongful conduct was a legal cause of the Plaintiff's injuries, but you also find Plaintiff's injuries were caused in part by Plaintiff's own negligence, then you must determine the percentage that the Plaintiff's negligence contributed to the injuries. You will provide this information by filling in the appropriate blanks in the verdict form that I will give to you. If you find the Plaintiff to be at fault, do not make any reduction in the amount of damages that you award to them. The Court will make the necessary adjustments.

Additionally, in coming to your damage calculation, you may not consider whether the Plaintiff had or did not have insurance for all or only part of any medical treatment he received. You may not reduce an owed medical expense because you believe there is or is not medical or health insurance.

## B.   Damages

If you find that the Plaintiff has proven by a preponderance of the evidence that the Defendants are liable, in whole or in part, for Plaintiff's alleged injuries,

then you must determine the damages the Plaintiff has sustained. You should not interpret the fact that you are given instructions about damages as an indication in any way that I believe the Plaintiff should, or should not, win this case. It is your task first to decide whether the Defendants are liable. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendants are liable and that the Plaintiff is entitled to recover money damages from the Defendants.

If you find the Defendants are liable to the Plaintiff, then you must determine an amount that is fair compensation for the Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiff whole – that is to compensate him for the damage he has suffered.

You may award compensatory damages only for injuries the Plaintiff has proved were legally caused by the Defendants' allegedly wrongful conduct. The damages you award must be fair compensation for all of the Plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendants. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered or that the Plaintiff is likely to suffer in the future.

If you find the Defendants' conduct aggravated a pre-existing condition, the Defendants must compensate the Plaintiff only for the extent of the aggravation caused by Defendants' negligence. In such a case, the Defendant must compensate the Plaintiff for the full extent of the aggravation. In order to award damages for the aggravation of a pre-existing condition, the Plaintiff must establish a causative link between the accident and the aggravation of the Plaintiff's pre-existing condition.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that that Plaintiff prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You may consider the following elements of damages, to the extent you find them proved by a preponderance of the evidence.

Pain and suffering: You may award damages for any bodily injury that the Plaintiff sustained and any pain and suffering, disability, mental anguish, and/or loss of capacity for enjoyment that the Plaintiff experienced in the past or will

experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been introduced or need be introduced. You are not trying to determine value, but an amount that will fairly compensate the Plaintiff for the damages he has allegedly suffered. There is no exact standard for fixing the compensation to be awarded for these elements, but any award that you make should be fair in light of the evidence.

Loss of enjoyment of life: You may award damages for loss of enjoyment of life for any deterioration in lifestyle that the Plaintiff has demonstrated. These damages are in addition to damages for pain and suffering.

Past and/or future medical care: You may award a reasonable value of medical care and treatment the Plaintiff has reasonably obtained in the past and will require in the future. In determining any award you might make for past or future medical expenses, you should consider the evidence, and the opinions of expert witnesses, to decide the reasonable value or expense of medical, nursing, and hospital care and treatment which was or will be reasonable and necessary for Plaintiff's conditions. Plaintiff's recovery of medical charges must be confined to those expenses related to the accident.

An award of future medical expenses necessarily requires that payment be made now for a loss that the Plaintiff will not actually suffer until some future date. If you should find the Plaintiff is entitled to future medical expenses, then you

must determine the present worth in dollars of such future damages. Thus, you must reduce the amount to present value by considering the interest that the Plaintiff could earn on the amount of the award if they make a relatively risk-free investment. The reason why you must make this reduction is that an award of an amount representing future medical expenses is more valuable to the Plaintiff if he receives it today than if they receive it in the future, when they would otherwise have received it. It is more valuable because the Plaintiff can earn interest on it for the period of time between the date of the award and the date he would receive it. Thus, you should adjust the amount of future medical expense by the amount of interest the Plaintiff can earn on that amount in the future. However, you must not make any adjustment to present value for any damages that you award for future pain and suffering or mental anguish.

Past lost wages: You may award the value of any lost wages you find Plaintiff has forfeited due to the accident. In determining any award you might make for wage loss, you should consider the evidence presented to you on that issue. Any award which you may make should be based on the Plaintiff's gross income, that is earning before deductions for income taxes, social security, and so forth – not what we generally call "take-home" pay.

Future Economic Loss: If you determine the Plaintiff is entitled to an award of damages for future economic loss, you may consider the costs the Plaintiff will

likely incur as a result of the injuries he sustained. These considerations may include an evaluation of whether the Plaintiff will be able to return to the field of work in which he was employed prior to the accident, the cost of a career change, if any, including to cost of completing college, as well as an evaluation of the difference between the wages he could have earned had he not been injured and the kind of work the Plaintiff is able to engage in, notwithstanding his injuries.

An award of future economic loss necessarily requires that payment be made now for a loss that Plaintiff will not actually suffer until some future date. If you should find that Plaintiff is entitled to damages for any future evonomic loss, then you must determine the present worth in dollars of such future damages. If you make such an award, you must reduce it to present value by considering the interest the Plaintiff could earn on the amount of the award if he makes a relatively risk-free investment. The reason why you must make this reduction is because an award of an amount representing future economic loss is more valuable to Plaintiff if he receives it today than if he receives it in the future. It is more valuable because Plaintiff can earn interest on it for the period of time between the date of the award and the date on which he would incur the future expenses. If you make such an award, you should list this "reduced" figure as your award for future economic loss. However, you must not make any adjustment to present value for any damages you may award for future pain and suffering.

Suggestions as to the amount of damages that should be awarded are mere arguments of counsel. You may consider them and use them only as guidelines to whatever extent they may aid you in arriving at a reasonable and just award in view of the evidence. But you are in no way bound by, nor should you use, any rigid mathematical formula. The determination of damages is solely your function and must be based on competent evidence.

Again, the mere fact that I have given you instructions on the law of damages does not in any way suggest whether I believe that any damages are due in this case. Whether or not the Plaintiff is entitled to recover and whether or not any damages are due is for you to decide.

## III.    Conclusion

It is your sworn duty as jurors to discuss the case with one another in an effort to reach a unanimous agreement, if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinions and change your mind if you become convinced that you are wrong. Do not, however, give up your honest beliefs solely because the others think differently or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

I have prepared a special verdict form for your convenience and to aid you in reaching a unanimous decision. You will take the form with you to the jury room. The verdict must represent the considered judgment of each juror.

You will note that the form contains several interrogatories or questions. The answer to each question must be the unanimous answer of the jury. In the space provided below each question, you will find directions which instruct you either to answer the next question, to answer some other question, or to stop and return to the courtroom with your verdict. You must carefully follow these directions as you complete the form.

**[Read the verdict form.]**

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which I have admitted into evidence. First, select your foreperson and then conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given about your conduct during the trial. After you have reached your unanimous verdict, your foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, any numerical division on any question.

If you want to communicate with me at any time, please give a signed written message or question to the marshal, who will bring it to me. I will then respond as promptly as possible, either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order otherwise. You may now retire to the jury room to conduct your deliberations.